IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                       ORDER

               Plaintiff,

                                                                07-cr-157-bbc

     v.

DEANDRE J. BISHOP,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Deandre J. Bishop has moved for "the re-opening of his sentencing hearing for further argument or clarification of the court's intention for concurrent or consecutive sentences and/or other relief."  Although I can appreciate defendant's desire to re-do the sentencing, it is not possible.  Fed. R. Crim. P. 35 permits amendment for "clear error," which does not exist in this case, or on a motion by the government for substantial assistance by the defendant.  The only other means of modifying the sentence is by direction of the court of appeals, if it should remand the matter to this court after deciding defendant's sentence is erroneous in some respect.

      When I sentenced defendant, I could not impose his sentence to run concurrently with the sentence he was to receive the next day in state court, because no such sentence had

1

been imposed. However, I did note in the sentencing hearing and in the written judgment and commitment that it was my hope that defendant's state court sentence would be imposed to run concurrently with the sentence I was imposing on defendant. However, at the state sentencing proceeding, the state court judge did not specify whether the state sentence was to run concurrently with the federal one. The result is that defendant must serve his entire ten-year state sentence before he can begin service of his federal sentence.

It is unfortunate for defendant that he is in this situation, but I am aware of no authority that would permit a re-sentencing. I will state, however, that it would carry out the purpose of the sentence I imposed for the Bureau of Prisons to designate defendant to the Wisconsin State Prison for the service of his federal sentence, if the bureau has the discretion to do so.

ORDER

IT IS ORDERED that defendant Deandre J. Bishop's motion for re-opening of his

2

sentencing hearing is DENIED.

Entered this 15th day of April, 2008.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge